UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SHAWN EVANS,

                           Plaintiff,

      v.                                      9:14-CV-0952 (DNH/RFT)

D. MURRAY, Correction Officer, Auburn Correctional Facility; J. YUNG, Correction Sergeant, Auburn Correctional Facility; and N. MATTIE, Correction Officer, Auburn Correctional Facility,

                           Defendants.

---

APPEARANCES:

SHAWN EVANS
Plaintiff, pro se
11-A-0681
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871

DAVID N. HURD
United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

Plaintiff Shawn Evans commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP application"). Dkt. No. 1 ("Compl."), Dkt. No. 2 ("IFP Application"). By Decision and Order filed on December 11, 2014, plaintiff's IFP application was granted and, following review of the complaint in accordance with 28 U.S.C. § 1915A, it was determined that the complaint failed to state a claim upon which relief could be granted and therefore

was subject to dismissal. Dkt. No. 5 (the "December Order"). In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. *See id*. at 13. Currently pending for review is plaintiff's amended complaint. Dkt. No. 6 ("Am. Compl.").

## II.  DISCUSSION

### A.  Legal Standard

The legal standard governing dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. §1915A(b) was discussed at length in the December Order and it will not be restated here. *See* December Order at 2-3. The allegations in plaintiff's amended complaint will be construed with the utmost leniency. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (holding that a pro se litigant's complaint is to be held "to a less stringent standards than formal pleadings drafted by lawyers."). Despite this liberal reading, for the reasons discussed below, a review of plaintiff's amended complaint reveals that the amended complaint does not cure the deficiencies identified in his original complaint, and fails to state a claim upon which relief may be granted.

### B.  Review of Amended Complaint

In the December Order, plaintiff's Eighth Amendment sexual abuse claims, Eighth Amendment deliberate indifference claims, and retaliation claims based upon a false misbehavior report were dismissed for failure to state a claim upon which relief could be granted. *See* December Order at 13. Plaintiff was provided with the opportunity to file an amended complaint to cure these deficiencies. *See id.*

Plaintiff's amended complaint reiterates the factual allegations in the original complaint with respect to his sexual abuse claim, deliberate indifference claim, and false misbehavior

2

report. On July 18, 2014, at approximately 7:28 p.m., Officer D. Murray ("Murray") told plaintiff to place his hands on the wall to be "pat frisked." *See* Am. Compl. at 3-4. Murray placed his hands in plaintiff's pants and touched plaintiff's penis and anus. *See id.* at 4. Plaintiff claims that he requested medical treatment and was denied medical attention for four days. *See id.* at 5. On July 22, 2014, plaintiff was treated at the clinic for chronic back pain "due to being placed on the wall for pre-existing injuries and for being sexually assaulted." *See id.* at 6. Murray issued a false misbehavior report regarding the incident that was endorsed by defendant N. Mattie ("Mattie").

The amended complaint includes new factual allegations with respect to retaliation. On July 18, 2014, plaintiff filed a grievance against Murray with respect to the pat-frisk. *See id*. at 7. After plaintiff filed the grievance, "Murray repeatedly harassed and caused harm to plaintiff in retaliation for the grievance." *See id.* Murray forced plaintiff to submit to a strip search and "berated" plaintiff. *See id.* After plaintiff commenced his civil rights action, Murray "stuck his arm out straight and struck plaintiff, throwing him backward and nearly knocking him down." *See id.* at 7. After this "battery," Murray warned plaintiff to "take care of business." *See Am.* Compl. at 8.

  **1. Eighth Amendment Claims**

In the December Order, it was found that the single alleged incident of sexual abuse by Murray, during a pat-frisk, did not involve any injury to plaintiff and was not sufficiently severe to involve a constitutional violation. *See* December Order at 7. After reviewing the amended complaint, it is clear that plaintiff's Eighth Amendment claims suffer from the same infirmities as the original pleading. Plaintiff does not provide any new factual information with

regard to the alleged sexual assault. Plaintiff fails to plead facts to plausibly suggest that he sustained any injury as a result of the alleged incident or that Murray's conduct during the pat-frisk was severe, extreme, or repetitive. Recitals of legal conclusions are insufficient to plausibly suggest an Eighth Amendment claim. *See Delaney v. Zaki,* No. 13-CV-0648 (DNH/TWD), 2014 WL 4966914, at *5 (N.D.N.Y. Sept. 30, 2014).

With respect to the deliberate indifference claim, it was previously found that plaintiff failed to demonstrate that he suffered a serious medical condition. *See* December Order at 9. It was held that even assuming plaintiff's allegations were sufficient to demonstrate a serious medical need, plaintiff failed to plead that any defendant or individual demonstrated deliberate indifference. *See id.* In an attempt to cure the deficiencies in the original complaint, plaintiff claims he suffered from chronic back pain and that Murray and defendant J. Yung ("Yung") were deliberately indifferent to his serious medical need when they denied treatment for four days after the alleged attacked. *See id.* at 6.

In the absence of anything other than generic claims of back pain, plaintiff fails to plead facts to satisfy the objective test. *See Blackson v. City of New York*, No. 14-CV-452, 2014 WL 6772256, at *4 (S.D.N.Y. Dec. 2, 2014) (general allegations of pain, without specifics regarding duration, severity, or the impact of the injury are insufficient to state a claim); *see also Flemming v. Wright*, No. 11-CV-804 (NAM/TWD), 2013 WL 4804493, at *10 (N.D.N.Y. Sept. 9. 2013) (general allegations of back pain are insufficient to state a claim); *Rodriguez v. Mercado*, No. 00 Civ. 8588, 2002 WL 1997885, at *3 (S.D.N.Y. Aug. 28, 2002) (bruises, back pain, and migraines do not constitute serious medical conditions).

Moreover, plaintiff allegations of deliberate indifference against Murray and Yung are

4

insufficient to plausibly establish the subjective prong of plaintiff's Eighth Amendment claim. Plaintiff admits that he received medical treatment four days after the alleged incident. This brief delay does not rise to the level of deliberate indifference. *See Chatin v. Artuz*, 28 F. App'x 9, 10-11 (2d Cir. 2001) (summary order) (two day delay fails to satisfy objective component); *see also Colon v. Plescia*, No. 07-CV-0727 (DNH/DEP), 2009 WL 2882944, at *9 (N.D.N.Y. July 27, 2009) (four day delay is "significantly briefer than those which have led to findings of deliberate indifference").

For all of the foregoing reasons, plaintiff's Eighth Amendment claims will be dismissed in their entirety pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 2. Retaliation

The amended complaint does not cure the deficiencies in the original complaint with respect to plaintiff's retaliation claims arising out of the false misbehavior report. Plaintiff asserts new factual allegations against Murray claiming that Murray retaliated against him for filing a grievance and civil rights complaint against Murray. *See* Am. Compl. at 7-8.

As noted in the December Order, courts must approach claims of retaliation "'with skepticism and particular care' because 'virtually any adverse action taken against a prisoner by a prison official–even those otherwise not rising to the level of a constitutional violation–can be characterized as a constitutionally proscribed retaliatory act.'" *Davis v. Goord*, 320 F.3d 346, 352 (quoting *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)).

To state a claim of retaliation under the First Amendment, a plaintiff must allege facts

plausibly suggesting the following:  (1) the speech or conduct at issue was "protected"; (2) the defendants took "adverse action" against the plaintiff–namely, action that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights; and (3) there was a causal connection between the protected speech and the adverse action–in other words, that the protected conduct was a "substantial or motivating factor" in the defendant's decision to take action against the plaintiff.  *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004).

    Plaintiff's allegations are wholly conclusory and too vague to plausibly suggest that an adverse action was taken to support a retaliation claim.  It is well-settled that filing a grievance is constitutionally protected conduct.  *Johnson v. Eggersdorf*, 8 F. App'x 140, 144 (2d Cir. 2001) (summary order); *Graham v. R.J. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996).  A plaintiff can establish a causal connection that suggests retaliatory intent by showing that his protected activity was close in time to the complained-of adverse action.  *Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2001) (the court must exercise its judgment about the permissible inferences that can be drawn from temporal proximity in the context of particular cases).  Here, plaintiff does not provide any factual allegations with respect to when the alleged adverse activity occurred.  Plaintiff merely states that Murray "repeatedly harassed" and "berated" him, but does not provide any dates for the alleged harassment.

    Moreover, while plaintiff claims he was subjected to a strip search and "battery" at the hands of Murray, the complaint lacks any facts regarding these occurrences including, date, time or place.  Plaintiff has failed to allege temporal proximity or a causal connection

between his filing of grievances and lawsuits and Murray's actions. In other words, plaintiff fails to allege any facts plausibly suggesting that his filing of his grievance or lawsuit was a "substantial or motivating factor" for defendant's actions. *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003). "[A] complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone." *Id*. (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir.1983)). Accordingly, plaintiff's retaliation claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b) for failure to state a claim.[1]

### 3. Violation of DOCCS Directive

A Section 1983 claim brought in federal court is not the appropriate forum to raise violations of prison regulations or state law. *See Hyman v. Holder*, No. 96 Civ. 7748, 2001 WL 262665, *6 (S.D.N.Y. Mar. 15, 2001) (holding that the failure to follow a New York State DOCCS Directive or prison regulation does not give rise to a federal constitutional claim). "A violation of a state law or regulation, in and of itself, does not give rise to liability under 42 U.S.C. § 1983." *Cusamano v. Sobek*, No. 06-CV-0623 (GTS/GHL), 604 F. Supp. 2d 416, 482 (N.D.N.Y. Jan. 26, 2009) (collecting cases); *see also Patterson v. Coughlin*, 761 F.2d 886, 891 (2d Cir.1985) ("[A] state employee's failure to conform to state law does not itself violate the Constitution and is not alone actionable under § 1983."); *Fluent v. Salamanca Indian Lease Auth*., No. 90-CV-1229A, 847 F. Supp. 1046, 1056 (W.D.N.Y. March 14, 1994) (holding that § 1983 imposes liability for violations of rights protected by the Constitution and laws of the United States, not for violations arising solely out of state or common-law

---

[1] Plaintiff has not asserted an excessive force claim against Murray with respect to the alleged "battery." Even construing the complaint liberally, any such claim would be subject to dismissal for failure to adequately plead any injury or that Murray "acted wantonly and in bad faith," and that Murray's actions violated "contemporary standards of decency." *See Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999) (internal quotations omitted).

7

principles).

In the amended complaint, plaintiff attempts to assert a new claim with allegations that defendants violated DOCCS "sexual abuse directive." *See* Am. Compl. at 5. These claims do not involve a constitutional violation and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### III.   Leave to Amend to Cure Deficiencies

Ordinarily, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); see also Fed.R.Civ.P. 15(a) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").

In this instance, plaintiff has already been provided one opportunity to amend his complaint with respect to his Eighth Amendment and retaliation claims. The deficiencies with his original complaint, identified in the earlier decision, have not been cured with the amended complaint.   Accordingly, any further amendment would be futile.  Likewise, no amendment could cure the deficiencies identified in plaintiff's claim that a DOCCS directive was violated.

8

**IV.    CONCLUSION**

Therefore, it is

ORDERED that

1. Plaintiff's complaint is **DISMISSED in its entirety with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A; and

2. The Clerk is directed to file a judgment, close the case, and serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

_____
United States District Judge

Dated:  March 30, 2015
            Utica, New York.